Filed 7/11/13  P. v. Barajas CA5

<u>NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS</u>

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>　　　Plaintiff and Respondent,<br><br>　　　　　v.<br><br>JOE TELEVARA BARAJAS,<br><br>　　　Defendant and Appellant. | F065506<br><br>(Super. Ct. No. CRM000508)<br><br><br>**OPINION** |

### <u>THE COURT</u>[*]

APPEAL from a judgment of the Superior Court of Merced County.  Marc A. Garcia, Judge.

Robert L.S. Angres, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Charles A. French and John G. McLean, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

[*]　　Before Kane, Acting P.J., Detjen, J. and Peña, J.

This is an appeal from a postjudgment modification of sentence to impose restitution pursuant to the court's reservation of jurisdiction to do so at the original sentencing. Defendant and appellant Joe Televara Barajas contends the court committed prejudicial error by failing to require his presence at the postjudgment hearing. Respondent contends the error was harmless. We cannot agree. We reverse the judgment in part and affirm in part.

## FACTS AND PROCEDURAL HISTORY

On October 14, 2008, defendant shot Joseph Salas in the leg and shot at Chad Villanueva, slightly wounding him. In a criminal complaint filed May 8, 2009, defendant was charged with attempted murder of Salas (Pen. Code, §§ 187, 664) in count 1; assault with a firearm on Villanueva (Pen. Code, § 245, subd. (a)(2)) in count 2; and possession of a firearm by a felon (former Pen. Code, § 12021, subd. (a)(1)) in count 3. Gang and firearm enhancements were alleged as to counts 1 and 2. On April 7, 2010, defendant pled no contest to count 1, attempted murder of Salas, and admitted amended enhancements as part of a plea bargain for a total prison term of 16 years. All remaining counts and enhancements were dismissed by the prosecutor. In connection with this plea bargain, defendant executed an advisement and waiver of rights form in which, among other terms, he agreed to dismissal of charges in a separate case "with a Harvey waiver."[1]

On November 8, 2010, defendant was permitted to withdraw from the plea bargain. The parties then entered into a new plea bargain in which defendant pled no contest to count 2, assault with a firearm on Villanueva, and admitted a Penal Code section 12022.5, subdivision (a), enhancement, with an operative sentence of 12 years in

---

[1] See *People v. Harvey* (1979) 25 Cal.3d 754. *Harvey* prohibits a sentencing court from relying on the facts underlying dismissed counts for sentencing purposes under some circumstances, absent the defendant's agreement for the use of those facts. (See *id.* at pp. 757-758.)

prison. The court imposed that sentence, and imposed various fines and fees. The court reserved jurisdiction on the issue of restitution.

On a noticed motion of the district attorney filed May 16, 2012, the matter of restitution was brought before the court. The motion attached a request for restitution from the Victim Compensation and Government Claims Board dated May 15, 2012, seeking reimbursement of $10,778.40 paid to "Adult Victim" (not otherwise named). Defendant was not present at the hearing. His attorney identified herself as "standing in for [defendant] who is not present. He is in custody in a state prison facility." Counsel stated that she had reviewed the claim and "it appears to be appropriate." The court imposed restitution in the requested amount.

## DISCUSSION

Defendant contends, and respondent agrees, he had a constitutional and statutory right to be present at the restitution portion of his sentencing hearing. (See *People v. Robertson* (1989) 48 Cal.3d 18, 60.) Defendant further contends, and respondent agrees, that he did not validly waive his presence at the hearing. Respondent contends this error does not require reversal of the judgment if the error was harmless beyond a reasonable doubt. (*Id*. at p. 62.)

In the unique circumstances of this case, we cannot conclude the error was harmless beyond a reasonable doubt. Counts 1 and 2 had different victims, and it appears from the record that the injury to the victim of count 2, Villanueva, was minor and was not the basis for the claimed restitution amount. There was no express *Harvey* waiver at the time of the operative entry of plea in this case, nor was there an express agreement that the injury to Salas was "transactionally related" to the assault on Villanueva, an exception to the rule against using dismissed counts for sentencing established in *Harvey*. (See *People v. Harvey, supra,* 25 Cal.3d at p. 757.) Defendant, had he been present and raised the issue with his attorney, might well have persuaded the trial court that

imposition of restitution based on payments to Salas was not contemplated by the plea bargain.  We believe he is entitled to present the *Harvey* issue to the trial court.

## DISPOSITION

The judgment is reversed insofar as it imposes restitution on defendant.  In all other respects, the judgment is affirmed.  The matter is remanded to the trial court for further hearing on the issue of restitution at a duly noticed hearing at which defendant is present or for which defendant has validly waived his presence.

4.